FAYSEN LAKE, INC., A BODY CORPORATE, PLAINTIFF-APPELLANT, v. ELMER L. MILLER AND ANNA L. MILLER, DEFENDANTS-RESPONDENTS.

Submitted January 19, 1943—Decided June 17, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Archibald Kreiger*.

No appearance by respondents.

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued for accrued installments of the purchase price, insurance, taxes, and interest on "unpaid balances," under a contract made on August 19th, 1939, providing for the sale by plaintiff to defendants of certain lands situate in the Township of Wayne, in the County of Passaic,

for the price of $2,600, payable in monthly installments of $25 until defendants were able to negotiate a loan for the unpaid purchase price, in which event plaintiff undertook to make a conveyance of the lands upon payment of the balance due. The contract provided for immediate possession by the vendees, and time was of the essence.

Judge Collester, sitting without a jury, awarded judgment to defendants; and plaintiff appeals upon the ground that the judgment is tainted with error in matter of law. This contention is ill-founded.

The agreed state of the case reveals no issue of fact. The controversy is purely one of law. The vendees agreed to pay "taxes, interest and insurance." It was stipulated that, "upon default in any of the terms, covenants, restrictions or undertakings by the buyer, this contract will become null and void in the manner hereinabove set forth, notwithstanding the recording thereof; * * * and that in default of said monthly payments, for any two months, this agreement, at the option of the party of the first part [the vendor], shall become null and void and all money paid shall belong to the party of the first part as rental for use of the premises and as liquidated damages." There was no other provision relating to the voiding of the contract of sale. The vendees entered into possession of the lands. It is certified in the state of the case that they "defaulted in some of the regular monthly payments called for in the contract, and on June 1st, 1942, had been so in default for upwards of two months;" that an action in ejectment was thereupon brought in the Passaic County Circuit Court by the vendor against the vendees, based upon the allegation that there were then accrued unpaid installments aggregating $90 and arrears of taxes, interest on the unpaid balance of the purchase price, and insurance premiums, in the total sum of $469.05; and that judgment for possession was entered therein on August 3d, 1942, whereupon the vendees surrendered the lands to the vendor.

By the course thus taken, the vendor elected to rescind the contract of sale; and it thereby lost the right to sue upon the contract for the recovery of the unpaid installments of

the purchase price, whether accrued or not. The forfeiture clause was incorporated in the contract for the benefit of the vendor; and, upon the vendees' default, the vendor had the option to invoke the remedy thus provided or to demand performance of the contract. Having elected to avoid the contract for the vendees' failure of performance, and to eject them from the lands as trespassers, the vendor is now precluded from suing under the contract to recover the purchase price. These are inconsistent remedies. Compare *Claron* v. *Thommessen*, 96 *N. J. Eq.* 650; *Blum Building Co.* v. *Ingersoll*, 99 *Id.* 563; *affirmed*, 101 *Id.* 291; *Adams* v. *Camden Safe Deposit and Trust Co.*, 121 *N. J. L.* 389. If the vendor reclaims the land under a declaration of forfeiture, he thereby destroys his right to sue on the contract for unpaid installments. *Williston on Contracts (Rev. Ed.)*, § 791. There cannot be an obligation to pay the stipulated installments of the purchase price where there has been an end to the vendor's correlative contractual duty to make a conveyance of the lands.

The case of *Bridge Land Development Co.* v. *Myers*, 129 *N. J. L.* 164, is not in point. There, the contract of sale had not been terminated under the forfeiture clause. The action was to enforce a subsisting contract.

Judgment affirmed, with costs.